[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-1049

PRIYA K. DAS,

Plaintiff, Appellant,

v.

CIBA CORNING DIAGNOSTICS CORPORATION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark L. Wolf, U.S. District Judge]

Before

Selya, Cyr and Boudin,
Circuit Judges.

Priya K. Das on brief pro se.

Edward N. Perry and Perkins, Smith & Cohen on brief for appellee.

June 8, 1993

Per Curiam. In 1988 Ciba Corning Diagnostics

Corporation ("Ciba") placed an advertisement seeking a

"manufacturing engineer-mechanical." Priya K. Das applied,

but was not hired, or, for that matter, granted an interview.

He sued Ciba alleging, under various legal theories,1 that

he was denied employment because of his age and national

origin. After some discovery, a hearing was held on the

parties' cross motions for summary judgment. The district

court granted summary judgment in Ciba's favor and also

allowed its motion for sanctions, fining Das $250. Das

appeals both rulings. Finding no error, we affirm.

BACKGROUND

The facts are essentially undisputed and we recount

them in a light favorable to the plaintiff.

The advertisement that gave rise to this litigation

described Ciba as a company engaged in medical diagnostics

and biomedical research. The ad stated: "We are looking for

an individual to provide mechanical engineering support to

the medical instrument assembly and test areas. . . . The

ideal candidate will have a B.S. in Mechanical Engineering

1. Das' suit alleged violations of Title VII, 42 U.S.C.
2000e et seq.; the Age Discrimination in Employment Act

("ADEA"), 29 U.S.C. 621 et seq.; and the Civil Rights Act

of 1866, 42 U.S.C. 1981. "[T]he standards of liability
under all [of these statutes] are substantially identical,"
Villanueva v. Wellesley College, 930 F.2d 124, 126 n.2 (1st

Cir.), cert. denied, 112 S. Ct. 181 (1991), and the district

court, accordingly, analyzed Das' claims collectively.

-2-

and 3-5 years of experience in a manufacturing environment."

Of 57 applicants, Das and 53 others were not interviewed.

Born and educated in India, Das was 46 years of age at the

time. Ciba hired a younger candidate who possessed, like

Das, a B.S. in mechanical engineering, but had only three

years of work experience. Dissatisfied with the hiring

decision, Das wrote to Ciba for an explanation. The company

responded that Das' 25 years of experience were not a "good

fit" with the criteria set for the entry level position

advertised. This suit ensued.

In an affidavit supporting its motion for summary

judgment Ciba averred that Das' application was eliminated

because (1) the company was not interested in candidates who

changed jobs every two years: "Das' excessive `job hopping'

made him a very unattractive candidate," and (2) none of Das'

experience related to the medical or biomedical field. It

was attested that the hired candidate's hands-on experience

in plastics was the deciding factor in making a job offer due

to the increased use of plastic parts in the industry. As

such, the hiree possessed more relevant experience for the

advertised position under the hiring criteria then in place.

In opposition, Das pointed to his superior

education and experience which, he declared in an

accompanying affidavit, fully qualified him for the job. The

denial of employment because of his 25 years of experience

-3-

shows, he asserted, that Ciba's selection process was

grounded in age bias. And, Das claimed, the fact that Ciba

later changed its story and offered a different rationale,

i.e., that he was a job-hopper, signified a cover-up of the

true reason for the hiring decision. According to Das, his

job changes were either for career advancement or the result

of layoffs, plant closings, and the like, all common

occurrences in manufacturing industries. Accordingly, the

job-hopper label was untrue, and merely a pretext for the

real reason: age discrimination.

Following a hearing, the district court ruled from

the bench that Das, in attacking the person hired as an

unqualified candidate, had failed to offer sufficiently

probative evidence from which a fact-finder could reasonably

infer that defendant's hiring reasons were a pretext for age

or national origin discrimination. Accordingly, Ciba's

motion for summary judgment was allowed, and Das' cross-

motion for summary judgment was denied.

DISCUSSION

I

This suit is virtually identical to three others

brought by Das after he was not hired for an advertised

engineer position solely because of the contents of his

resume. See Das v. Cri-Tech, Inc., No. 90-1769, slip op.

(1st Cir. Jun. 12, 1991) (Das I); Das v. Bowmar/Ali, Inc.,

-4-

No. 90-2096, slip op. (1st Cir. Jun. 21, 1991) (Das II), and

Das v. A.W. Chesterton Co., No. 91-1159, slip op. (1st Cir.

Sept. 24, 1991) (Das III). Each prior appeal - - also from

an adverse summary judgment - - was affirmed on the basis

that Das had failed to present any probative evidence

permitting an inference that the hiring decision masked a

discriminatory motive or was otherwise incredible. In this

appeal, we focus, as does appellant, on the age

discrimination claim.

In Das I and Das II, we described the standards

applicable to summary judgment in the disparate treatment

employment discrimination context, and do not restate them.

See also Goldman v. First Nat'l Bank of Boston, 985 F.2d

1113, 1116-18 & n.4 (1st Cir. 1993). The Supreme Court has

recently clarified the standards for liability under the

ADEA. Hazen Paper Co. v. Biggins, 113 S. Ct. 1701 (1993).

The Court explained that "there is no disparate treatment

under the ADEA when the factor motivating the employer is

some feature other than the employee's age," id. at 1705; "a

disparate treatment claim cannot succeed unless the

employee's protected trait actually played a role in [the

employer's decisionmaking] process and had a determinative

influence on the outcome." Id. at 1706.

We assume, as did the district court, that Das

satisfied the prima facie rubric for hiring discrimination

-5-

claims. Keyes v. Secretary of the Navy, 853 F.2d 1016, 1023

(1st Cir. 1988). Ciba clearly and sufficiently articulated

permissible non-discriminatory reasons for its hiring

decision, requiring Das to show that explanation "unworthy of

credence," that is, "not the true reason for the employment

decision." Texas Dep't of Community Affairs v. Burdine, 450

U.S. 248, 256 (1981).

We conclude, relying on the analysis set out in Das

II, that plaintiff failed to undercut the plausibility of

Ciba's proffered rationale with specific facts (and not

merely subjective conclusions) that would enable a jury to

find that age was an undisclosed, motivating factor in the

hiring decision. In so deciding, we note, first, that Das

has not attempted to counter Ciba's explanation that his

resume indicated no experience in the medical/biomedical

fields. Second, regarding Das' claim that Ciba "changed its

story" and later offered a different reason for not hiring

him, Das has failed to show that those later reasons were

premised upon discriminatory motive. As we have stated

before: "Since an employer's nondiscriminatory motivations

for adverse employment decisions are irrelevant in an age

discrimination case, a `mere showing that the employer's

articulated reason may shield another (possibly

nondiscriminatory) reason does not create a dispute of

material fact' sufficient to withstand summary judgment."

-6-

Goldman, 985 F.2d at 1118 n.4 (quoting Villanueva v.

Wellesley College, 930 F.2d 124, 128 (1st Cir.), cert.

denied, 112 S. Ct. 181 (1991)).

Finally, Das stresses the role that his many years

in the field may have played in hurting his chances to get

the job. He argues that hiring criteria which impermissibly

favor a minimum number of years of work experience make age a

determining factor in the selection process and, because age

and experience are directly related, effectively eliminate

all applicants over 40 years of age. The Biggins decision is

instructive on this point. In deciding that a dismissal

based solely on pension status was not discriminatory

treatment on the basis of age for ADEA purposes, the Court

emphasized that "[b]ecause age and years of service are

analytically distinct, an employer can take account of one

while ignoring the other, and thus it is incorrect to say

that a decision based on years of service is necessarily

`age-based'." Biggins, 113 S. Ct. at 1707. Consequently,

the ADEA is not violated when the factor motivating the

employment decision merely correlates with age, i.e., gives

rise to a permissive and not a necessary inference. By like

token, having failed to show that age actually played a role

in the decision not to hire him, Das may not, under Biggins,

ask us to presume that the employer's decision to hire a

candidate with significantly less work experience is

-7-

automatically age-based. As Biggins makes plain, even if, as

Das speculates, older workers are likely to have more years

of work experience, Ciba's decision to hire an engineer with

three years of desired experience does not, without more

evidence than is offered here, implicate the prohibitions of

the ADEA.2

II

We turn to the issue of sanctions. In Das II, we

upheld a $1420 award of attorneys' fees and costs against Das

under Fed. R. Civ. P. 11. Here, Ciba contended that Das had

violated Rule 11 by irresponsibly maintaining this action

after three similar (and similarly meritless) complaints

against other corporate defendants had been dismissed. Ciba

sought attorneys' fees and costs in excess of $12,000. The

district court found that Das' claims, filed in October 1989,

were brought in good faith and were objectively reasonable

until the filing of his cross motion for summary judgment one

year later. By that time, Das I and Das II had been

dismissed in the district court, and Das had reason to know

that his cross motion was neither well founded in fact nor

warranted in existing law. Taking into account Das' pro se

status, the court concluded that a $250 sanction was

2. Nor do we read Das' complaint to state a claim that
Ciba's facially neutral hiring practices impact older job
applicants more harshly. The Court has not recognized a
"disparate impact" theory of liability under the ADEA.
Biggins, 113 S. Ct. at 1706.

-8-

appropriate. We find no abuse of discretion in this

carefully considered determination. Anderson v. Beatrice

Foods Co., 900 F.2d 388, 394 (1st Cir.) ("The trial judge is

best positioned to decide what sanction best fits a

particular case or best responds to a particular episode or

pattern of errant conduct."), cert. denied, 498 U.S. 891

(1990).

The defendant-appellee requests costs and

reasonable attorneys' fees for defending this appeal. When

Das, who has proceeded pro se throughout, noticed this appeal

in January 1992, he knew that the same arguments advanced now

had been rejected in Das I, Das II, and Das III and should

have realized that no valid grounds for appeal existed here.

Considering this litigation history, the frivolous nature of

this appeal, and taking into account Das' pro se status, we

assess double costs and damages in the amount of $500. Fed.

R. App. P. 38; see La Amiga del Pueblo, Inc. v. Robles, 937

F.2d 689, 692 (1st Cir. 1991); N.E. Alpine Ski Shops v. U.S.

Divers Co., 898 F.2d 287, 291 n.1 (1st Cir. 1990).

The judgment of the district court is affirmed;

double costs and $500 awarded to the appellee.

-9-